IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

EME AKPOJIYOVWI                      §
                                     §
          Plaintiff,                 §
                                     §
v.                                   §          CIVIL NO. H-04-3495
                                     §
HIPOLITO ACOSTA,                     §
                                     §
          Respondent.                §

### MEMORANDUM OPINION

Pending before the court[1] is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket Entry No. 12). The court has considered the motion, all relevant filings, and the applicable law. For the reasons set forth below, the court **GRANTS** Defendant's Motion to Dismiss.

### I. Case Background

Plaintiff, Eme Akpojiyovwi, is a citizen of Nigeria who entered the United States as a visitor for pleasure on March 13, 1998. Her visa authorized her to remain in the United States until September 12, 1998. Plaintiff overstayed her visa. Some years later she applied to participate in the diversity visa program, applications for which are distributed by lottery. On February 22, 2001, Plaintiff was notified by the Department of State that she was eligible to apply for a diversity visa for the fiscal year 2002

---

[1]    The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  Docket Entry No. 8.

(October 1, 2001 - September 30, 2002).[2]  Plaintiff's application was ultimately rejected on the basis that she was illegally in the United States at the time of her application.[3]

Plaintiff is presently in removal proceedings.  She seeks declaratory relief under 28 U.S.C. § 2201, et seq., judicial review of the agency's decision denying her diversity visa application pursuant to 5 U.S.C. § 702, and a writ of mandamus compelling the Defendant to adjust her status as if she had received a diversity visa in 2002.

## II.  Motion to Dismiss Standard

Pursuant to the Federal Rules of Civil Procedure ("Rules"), dismissal of an action is appropriate whenever the complaint, on its face, fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. Kane Enters. v. MacGregor (USA) Inc., 322 F.3d 371, 374 (5th Cir.

---

[2]    Selection as a lottery winner does not ensure that an applicant will receive a visa as the total number of lottery winners greatly exceeds the number of diversity visas available.  A lottery winner such as Plaintiff only obtains the right to apply for a diversity visa through the diversity visa program.  Once selected, an individual must submit numerous documents and undergo an extensive background review.  A person is eligible for the diversity visa program for a single fiscal year only.  If a visa is not received during that year, the applicant must reapply and "win" another application opportunity.  See generally, Coraggioso v. Ashcroft, 355 F.3d 730 (3rd Cir. 2004).

[3]    An alien who overstays her initial visa is generally ineligible for adjustment of status.  See 8 U.S.C. 1255(c)(2).  Plaintiff claimed she was eligible for adjustment of status in spite of her illegal status under the provisions of 8 U.S.C. § 1255(i). Defendant disagreed and rejected her application.

2

2003). Dismissal of a claim is improper unless "it appears beyond doubt that the plaintiff can prove no set of facts in support" of the allegations that would entitle the plaintiff to relief. Cornish v. Corr. Servs. Corp., 402 F.3d 545, 549 (5th Cir. 2005); Kane Enters., 322 F.3d at 374.

Dismissal of an action is also appropriate whenever the court lacks jurisdiction. Fed. R. Civ. P. 12(b)(1); 12(h)(3). In determining jurisdiction, the court may base its decision on the complaint alone, the complaint supplemented by undisputed facts, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). The burden of proof is on the party asserting jurisdiction. Id.

### III. Analysis

Plaintiff seeks relief under the Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-2202, the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, et seq., and the Mandamus Act, 28 U.S.C. § 1361. The court finds that none of these sections affords Plaintiff relief under the circumstances presented.

The DJA provides, in part, "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could have been

sought." <u>See</u> 28 U.S.C. § 2201(a).

The APA provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . is entitled to judicial review thereof." <u>See</u> 5 U.S.C. § 702.[4]  However, Section 704 limits judicial review to only those agency actions made reviewable by statute.  <u>See</u> 5 U.S.C. § 704.[5] The APA excludes from coverage those agency decisions which are precluded from judicial review by law or committed to agency discretion by law.  <u>See</u> 5 U.S.C. § 701(a)(1) and (2).

It is well-settled that neither the DJA nor the APA confers subject matter jurisdiction on the federal courts.  <u>See</u> <u>Califano v. Sanders</u>, 430 U.S. 99, 107 (1977); <u>Schilling v. Rogers</u>, 363 U.S. 666, 667 (1960).  There must be an independent jurisdictional basis present before a claim for declaratory relief or a petition for judicial review under the APA can be entertained.  <u>Bauhaus USA,</u>

---

[4]    5 U.S.C. § 702 states, in pertinent part:

A person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.

[5]    5 U.S.C. § 704 states as follows:

Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.  A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action.  Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority.

<u>Inc. v. Copeland</u>, 292 F.3d 439, 447 & n. 11 (5th Cir. 2002)(footnote omitted); <u>accord</u> <u>In re B-727 Aircraft Serial No. 21010</u>, 272 F.3d 264, 270 (5th Cir. 2001); <u>Gaar v. Quirk</u>, 86 F.3d 451, 453 (5th Cir. 1996).   Plaintiff has failed to allege such an independent jurisdictional basis for the relief she seeks.

Here, Plaintiff complains that the Attorney General's decision refusing to adjust her status from an overstayed visitor to a diversity immigrant was legally erroneous.  Adjustments of status from nonimmigrant to persons admitted for permanent residence are governed by 8 U.S.C. § 1255.  Section 1255(a) provides, in part, that, "The status of an alien who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, *in his discretion* and under such regulations as he may proscribe. . ." (emphasis added)

Precluding review of the Attorney General's decision in this case is Title 8 U.S.C. § 1252(a)(2)(B),[6] which exempts from judicial review decisions the authority for which are specified under this subchapter to be in the discretion of the Attorney

_____

    [6]    8 U.S.C. § 1252(a)(2)(B) states:

Notwithstanding any other provision of law, no court shall have jurisdiction to review -

    (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229c, or 1255 of this title, or

    (ii) any other decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General, other than the granting of relief under section 1158(a) of this title.

General.    Section  1252(a)(2)(B)(i)  specifically  exempts  from
judicial review decisions under Section 1255(a).   See  Assaad v.
Ashcroft, 378 F.3d 471, 475 (5th Cir. 2004).

Plaintiff  concedes  that  direct  judicial  review  of  the  denial
of her application for a diversity visa is foreclosed by statute.[7]
Instead, she seeks a declaration under the DJA that the immigration
examiner's interpretation of 8 U.S.C. § 1255(i), which resulted in
the  denial  of  a  diversity  visa,  was  legally  erroneous.   Plaintiff's
recharacterization  of  her  claim  as  one  for  declaratory  relief
cannot vest the court with jurisdiction where there is none.

In Cardoso v. Reno, 216 F.3d 512, 518 (5th Cir. 2000), the
Fifth  Circuit  held  that  the  statutory  scheme  does  not  permit  an
alien to make an end-run around the restrictions of Section 1252 by
simply  characterizing  the  claim  as  seeking  declaratory  relief  to
correct an error made by the Immigration and Naturalization Service
("INS")  in  denying  an  adjustment  of  status.    In  Cardoso,  Aurora
Moran was denied an immigrant visa based on a finding that she was
no  longer  an  eligible  child.    She  sued  for  declaratory  relief,
claiming that the INS had erred in its determination and, that as
a  result,  she  feared  deportation.    The  court  found  that  in  spite  of
her claim for declaratory relief, Moran sought nothing more than a
review  of  the  immigration  judge's  denial  of  her  request  for

---

[7]    See Plaintiff's Response to Defendant's Motion to Dismiss, Docket
Entry No. 13 at p. 8.  Additionally, Plaintiff's eligibility for a diversity visa
under the 2002 DV Lottery Program expired on September  30, 2002, making any
consideration of the merits of her claim moot.

adjustment of status, which was not reviewable under 8 C.F.R. § 245.2(a)(5)(ii).  Id.  The court noted that Moran could appeal the denial of the adjustment of status in a removal hearing, concluding that as Moran had not exhausted her administrative remedies, the court lacked jurisdiction.  Id.

Plaintiff's complaint fails for the same reason as Moran's. The court has no jurisdiction to review, and thus correct, the erroneous decisions of an immigration judge in proceedings to adjust status under either the APA or the DJA.

Turning to Plaintiff's other claimed basis for jurisdiction, the Mandamus Act vests jurisdiction in this court over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  In order to prevail, a plaintiff must establish: (1) that she has a clear right to have her application for adjustment of status adjudicated; (2) that defendant has a nondiscretionary duty to rule on the application; and (3) that she has no other adequate remedy.  See Allied Chem. Corp. v. Daifon, Inc., 449 U.S. 33, 35 (1980)(party seeking mandamus relief must show "clear and indisputable" right and have no other adequate remedy); Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv., 112 F.3d 1283, 1288 (5th Cir. 1997)(duty must be for specific, ministerial act, devoid of discretion).

Here, Plaintiff obtained a ruling on her application for a diversity visa, so there is nothing left to adjudicate in that

7

proceeding.  She has failed to exhaust her administrative remedies in her removal hearing and has adequate remedies at law in which to appeal any adverse determination.  Plaintiff is clearly not entitled to mandamus relief.

### IV.  Conclusion

This court lacks jurisdiction to issue a declaratory judgment on the correct interpretation of 8 U.S.C. § 1255(i) in the absence of statutory authority.  The court further finds that it lacks jurisdiction to review any agency decision under the APA.  Finally, Plaintiff has failed to state a claim for mandamus relief.  This lawsuit is DISMISSED.

SIGNED this 15th day of July, 2005, in Houston, Texas.

_____
Nancy K. Johnson
United States Magistrate Judge